## Luther W. Fairbanks v. Thomas J. Campbell.

1. LOST INSTRUMENTS—*Pleading and Proof.*—Where a note sued on is lost after the commencement of the suit, secondary proof may be had of its contents after showing its loss without amending the declaration.

2. PROMISSORY NOTES—*Indorsements in Blank.*—The filling of the blank above the signature of the payee is but a mere form and may be dispensed with altogether, and the note introduced in evidence with the indorsement in blank, unless special objection is made.

3. APPELLATE COURT PRACTICE—*Objections, Where Waived*—The objection that a bond required by the court to be filed by the plaintiff in an action upon a lost note, was not filed on the day required by the order, or that the penalty of the bond is not in the full amount required by the statute, must be made in apt time in the court below.

Memorandum.—Assumpsit on a promissory note. Appeal from the

Fairbanks v. Campbell.

Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

APPELLANT's BRIEF, EVANS & BECKWITH, ATTORNEYS.

In an action on a lost note, where there has been no tender of indemnity, the plaintiff is not entitled to costs. Randolph v. Harris, 28 Cal. 561; Exchange Bank v. Morrall, 16 W. Va. 546; Evans v. Exchange Bank, 79 Mo. 182.

The declaration as amended, filed in this case after the note was alleged to have been mislaid, did not contain a special count or averment on a lost instrument. Without this it was error to admit evidence of the lost instrument. Rodgers v. Miller, 4 Scam. 333; Chamberlain v. Chamberlain, 116 Ill. 480; O'Neil v. O'Neil, 123 Ill. 361.

A plaintiff can not sue at law on a lost negotiable instrument indorsed in blank without showing that it was destroyed. Rodgers v. Miller, 4 Scam. 333; McMillen v. Tator, 35 Ill. 250; O'Neil v. O'Neil, 123 Ill. 361.

SALMANS & DRAPER, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action below was assumpsit against the appellant upon a promissory note given by him to one W. B. Redden and by Redden assigned to the appellee. The declaration was in the usual form upon an assigned note. Upon a hearing before the court and a jury the verdict and judgment was against the appellant, and he brings the record here by appeal. Upon the trial it was proven that the note sued upon had been delivered by the plaintiff to his counsel, and that since the institution of the action, it had become lost or mislaid so that it could not be produced in evidence. The court heard evidence as to the loss or disappearance of the note, and as to the efforts that had been made to find it and held, and rightly, we think, that due diligence had been

exercised in searching for and endeavoring to find and produce it, and that its absence was sufficiently accounted for to warrant the admission of secondary evidence of its contents. Such evidence was, over the objection of the appellant, admitted. In this it is thought error occurred; first, in ruling that sufficient foundation had been laid for the introduction of secondary evidence; and second, in admitting proof of the loss of the instrument and of its contents without amendment of the declaration. As to the first of these objections we have already said that we think the court ruled correctly. Such is our opinion after having carefully considered the testimony. As to the second point it must be kept in mind that the action was not begun upon a lost instrument. After the institution of the suit, the note became lost, so that it could not be produced when needed in evidence upon the trial. No amendment of the pleading was necessary in such state of case in order to admit secondary evidence of the contents of the note. 13 Eng. & Amer. Ency. of Law, note 1, page 1086; Thompson on Trials, Vol. 1, Sec. 803. The note was negotiable, and had been delivered to the appellee indorsed in blank by the payee. Appellant contends that an action upon a lost negotiable note, indorsed in blank, can not be maintained without showing an absolute destruction of the note. This seems to be supported by Rogers v. Miller, 4 Scam. 333, but we think the enactment of the sixteenth section of chapter 98, R. S., operated to change the rule. This section recognizes the right of any one who has lost a note, negotiable or otherwise, of which he was the owner, to bring an action and recover upon it, and empowers the court to protect the maker by requiring the plaintiff to execute a bond properly conditioned to effectuate that purpose. Appellant insists that though the note was assigned in blank and delivered to the appellee by the payee, yet before the assignee could recover in his own name, the assignment must be complete in writing, and as the evidence incontestably showed no written assignment had ever been completed, it was error to render judgment in favor of the appellee, as he had not the legal title

nor right of action at law in his own name. The legal effect of an indorsement in blank by the payee, is to make the note payable to the person to whom it is delivered and to any subsequent holder, and to authorize any of such holders to write in an assignment to himself.

The filling of this blank above the signature of the payee is but a mere form and may be dispensed with altogether, and the note introduced in evidence with the indorsement in blank, unless special objection is made. Gilham v. State Bank, 2 Scam. 245. It was not possible in the case at bar to comply with this formality and the law ought not and does not demand the performance of an impossible act to satisfy a merely technical requirement. The verdict of the jury was returned into court on the 18th day of May, 1893; thereupon appellant entered his motion for a new trial, and the court ordered and ruled that the plaintiff should execute and file a bond in the sum of $2,000, conditioned to indemnify the appellant against further liability on the note and retained the motion for a new trial under advisement. A bond in accordance with the ruling of the court was executed on the same day, but not filed until the 31st day of July, 1893. On the 19th day of June, 1893, appellant's motion for a new trial was overruled and judgment rendered against him; his exception, which was general, merely noted, and his prayer for an appeal granted. If the bond had not then been executed and tendered him he should have so advised the court and objected to the rendition of the judgment for that reason. The appellee contends, and has submitted affidavit to the effect that the bond was executed, tendered in the court on the day of its date, and that it ought to have been filed as of that date. However that may be, the objection that it was not upon file when the judgment was rendered could have been obviated, had it been made to the court in apt time. Not having complained then, the appellant can not be allowed to do so for the first time in this court. The penalty of the bond is in the amount fixed by the court, being double the amount of the principal of the note, which was $1,000; but the court did not con-

sider that the judgment included some $70 of interest thereon. This discrepancy is slight, and if the appellant desired to object to the bond for this reason he should have done so when the amount was fixed by the court He remained silent and allowed that sum to be named by the court as the penalty of the bond without objection, and must be held to have waived any complaint that he might have justly made. We find no substantial error in the record. The judgment must be, and is affirmed.